# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| BRUCE TIMOTHY JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV408-187 |
| SPENCER LAWTON, RUSSELL MABREY, MIKE TABBORROK, JUDGE JAMES BASS, JOEY WARENZAK, CITY OF SAVANNAH, and JOHN DOE, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This Court directed plaintiff Bruce Timothy Jones to show cause why his case should not be dismissed for lying to the Court in a civil complaint form about how many previous cases he has filed. Doc. 3. Jones had omitted mention of *Jones v. Cullen*, No. CV195-1221 (N.D. Ga. filed May 11, 1995) (dismissed for want of prosecution); *Jones v. Satterfield*, No. CV195-1222 (N.D.Ga. filed May 11, 1995) (summary judgment for defendants); and *Jones v. Turpin*, No. CV694-081 (S.D. Ga. filed Apr. 15, 1994) (defendants' motion to dismiss granted). *Id.* at 3.

In response, Jones says that he was released from prison in 1995 and was without funds or opportunity to properly litigate those three cases. Doc. 4 at 1. Because of his release from prison, he "did not have any cite numbers to put on the form" and thus, this time around, he "didn't think [he] should put them a general statement [about] a couple cases in the mid 1990s' on the [Court's] form...." *Id.* at 2. He then evasively states "[t]o be perfectly honest[,] I still can't verify that those cases were filed by me[;] I can only take this court's word." *Id.*

Also, the Court's civil complaint form asked Jones "for *specific* information that [he] couldn't provide. . . ." *Id.* (emphasis added). And, he points out that he filed and then voluntarily withdrew *Jones v. Tabbarrok*, CV406-039 (S.D.Ga May 26, 2006)--a case that he did reveal on his IFP form in this proceeding. Doc 4 at 1-2. But this Court, he points out, failed to confront him about the "omitted" three prior cases when *Tabbarrok* was pending. *Id.* at 2. Finally, he avers that he is simply trying to get his property back ("taken" from him in 2004, evidently by the State of Georgia, and not returned to him until 2007, so he wants "just compensation" for those 3 "missing" years). *Id.*

The Court rejects Jones's showing. He does not deny that he remembered the three mid-1990s lawsuits; instead, he recklessly assumed that, merely because he could not remember the actual case numbers to those actions, he should not have even acknowledged their existence. *Id.* at 1, 2. Indeed, after conceding the existence of the suits, he states that he "didn't think [he] should put a general statement a la 'a couple cases in the mid 1990's' on the form." *Id.* at 2. Worse, he then backtracks, evasively stating that he cannot verify that he actually filed those cases and that someone else *might* have filed them in his name. *Id.* His dissembling reflects poorly upon his honesty; the Court is not persuaded that plaintiff was the victim of identity fraud, much less that he in fact did not file the cases as he suggests in his response. Finally, the fact that this Court failed to confront him about the three prior cases when he filed his 2006 case simply did not give him a license to mislead this Court in his next round of litigation.

As mentioned in the Court's show cause order, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v.Castro*, 465 F.3d 479, 484 (11th Cir. 2006). And "Rule 11(c) provides for sanctions concerning

3

misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

Given plaintiff's dishonesty, this case should be **DISMISSED** without prejudice. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 547 U.S. 1002 (2007); *Williams v. Brown*, No. CV607-045 (S.D. Ga. Oct. 1, 2008) (complaint dismissed for plaintiff's "clear and persistent pattern of deceit in his court filings"); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020 at * 1 (S.D.Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial

process by providing dishonest information about his prior filing history).

Jones is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)).[1] The next time, plaintiff may face more serious sanctions, including not only the dismissal of his action with prejudice, but the imposition of monetary penalties that must be paid prior to the filing of any additional suits. Further, in an appropriate case, the Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for criminal prosecution.

**SO REPORTED AND RECOMMENDED** this  19th   day of February, 2009.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In *Rivera*, the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." 144 F.3d at 731. "[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Id.*